IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ERIC G. HENSON     PLAINTIFF

v.     Civil No. 05-2032

RUTH ANN CRANFORD HOWELL, Jail Administrator;
BRANDON REYNOLDS, Jailer; TODD RUSSELL, Jailer;
and JUSTIN CASTELMAN, Jailer     DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Eric G. Henson brings this pro se civil rights action under 42 U.S.C. § 1983. (Doc. 1.) When the plaintiff failed to supply an in forma pauperis (IFP) application or pay the $250.00 filing fee, as ordered (Doc. 2) by the court, a report and recommendation (Doc. 3) was entered which recommended dismissal of this case for the plaintiff's failure to comply the court's order. The district court adopted (Doc. 4) this report, and the case was dismissed.

The plaintiff then filed a motion to reopen the case. (Doc. 5.) The motion was referred (Doc. 6) to the undersigned, and granted (Doc. 7) in part due to plaintiff's claims that officials at the Johnson County Detention Center would not complete the section concerning funds available in his prison account at the Johnson County Detention Center. On August 9, 2005, a change of address was entered for plaintiff, indicating that the plaintiff was then detained by the Arkansas Department of Correction (ADC). As the plaintiff still had not paid the filing fee or submitted an IFP application, the court directed the another IFP application be sent to the plaintiff and that he have officials at ADC complete the information concerning his prison trust account and return the IFP application to the court by September 23, 2005. (Doc. 12.)

When plaintiff failed to comply with this order, the court entered an show cause order

(Doc. 17), giving the plaintiff until November 1, 2005 to explain to the court why his complaint should not be dismissed for failure to comply the court's later order to supply an IFP application or pay the filing fee.

To date, the plaintiff has not complied with the August 22 order to supply the IFP application or the October 13 order to show cause. Neither of the orders have been returned to the court as undeliverable. The plaintiff was warned in the show cause order that his failure to respond would result in dismissal of this action.

Therefore, I recommend that this case be dismissed for failure to prosecute or obey an order of the court. *See* Fed. R. Civ. P. 41(b).

**Henson has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. Henson is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of November 2005.

                                                       **/s/ Beverly Stites Jones**
                                                   _____
                                                   HON. BEVERLY STITES JONES
                                                   UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)